# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE LEON, | 1:12-cv-00976-BAM (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF COURT'S SEPTEMBER 5, 2012, ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER |
| v. | |
| PAUL COPENHAUER, | [Doc. 14] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 5, 2012, the Court granted Respondent a thirty day extension of time to file an answer to the instant petition.

Now pending before the Court is Petitioner's motion for reconsideration of the September 5, 2012, order. Petitioner argues that granting Respondent an extension of time has prejudiced him because his release date expired effectively on July 31, 2012, whereas Respondent asserted that his release date is February 4, 2013.

Local Rule 230(j) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

1         (1) when and to what Judge or Magistrate Judge the prior motion was made;

2         (2) what ruling, decision, or order was made thereon;

3         (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

4         (4) why the facts or circumstances were not shown at the time of the prior motion.

As Petitioner acknowledges, the determination of his release date is the subject of the dispute set forth in the instant petition. In the September 5, 2012, order, the Court found Respondent had demonstrated good cause for an extension of time based on the fact that further research and documentation was necessary to prepare an adequate answer. Although Petitioner disputes Respondent's projected release date, without sufficient briefing and evidence, the Court cannot properly determine the lawful release date, and Petitioner's assertion does not overcome the Court's finding of good cause. Respondent was granted forty-five additional delays, which is not excessive or unreasonable under the circumstances. Accordingly, Petitioner has not demonstrated a sufficient basis for reconsideration of the Court's September 5, 2012, and his motion must be DENIED.

IT IS SO ORDERED.

Dated: September 25, 2012         /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE