**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DE LEON, | 1:12-cv-00976-BAM (HC) |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| PAUL COPENHAUER, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on June 18, 2012, in which he seeks credit of approximately seven months against his federal sentence for time he spend in federal custody from August 2, 2010 through August 10, 2010, and in state custody from March 10, 2010, through February 18, 2011.

Respondent filed an answer to the petition on October 11, 2012, and Petitioner filed a traverse on November 19, 2012.

DISCUSSION

I.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

1

prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the United States Penitentiary in Atwater, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

III.     Review of Petition

   A.     Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

Respondent concedes that Petitioner has exhausted the available administrative remedies. (Resp's Ans., Ex. 2, Copy of Administrative Remedy and Agency's Answers.)

   B.     Sentence Computation

Petitioner is currently serving a 27-month term of imprisonment for Illegal Re-entry by a Previously Deported Alien after a Felony Conviction, in violation of 8 U.S.C. §§ 1326(a), (b)(1). (Resp's Ans., Ex. 1, Farrar Decl., ¶ 7.)

On July 31, 2010, Petitioner was arrested by local authorities in Texas on charges of Assault of a Family Member.  On August 2, 2010, while he was still in state custody at the Harris County Jail in Houston Texas, agents of the Bureau of Immigration and Customs Enforcement (ICE) became aware of his presence within the United States.  Id. at ¶ 3.

Petitioner contends he was arrested by federal agents on August 2, 2010, and remained in ICE custody for one week before being transferred back to state custody. Respondent submits a copy of Petitioner's National Criminal Information Center (NCIC) printout form which confirms that Petitioner was arrested by ICE agents on August 2, 2010, and was placed in civil detention pending alien removal pursuant to sections 212 and 237 of the Immigration and Nationality Act, codified at 8 U.S.C. §§ 1182, 1227. (Resp's Ans., Ex. 1, Attachment 2, Copy of NCIC form.) Thus, Petitioner was housed in ICE custody for one week, at which time he was returned to state custody to face the state criminal charges related to his July 31, 2010 arrest.

On August 25, 2010, while Petitioner was in state custody, a federal indictment was returned in the United States District Court for the Southern District of Texas, Houston Division, charging Petitioner with Illegal Re-entry. (Resp's Ans., Ex. 1, Farrar Decl., ¶ 5.)

Petitioner remained in state custody until February 18, 2011, when he pleaded guilty and was sentenced by the State of Texas to a one year term of imprisonment for Assault of a Family Member. Before completion of the one-year term, the State satisfied Petitioner's sentence and released him to an Immigration and Customs Enforcement detainer on February 18, 2011, pending criminal charges for Illegal Re-entry. Id. at ¶ 6.

Petitioner remained in the custody of ICE until he was transferred to the custody of the United States Marshal Service (USMS) on March 29, 2011. On April 8, 2011, Petitioner pleaded guilty to one count of Illegal Re-entry, and on June 23, 2011, he was sentenced to a 27-month federal term of imprisonment. Id. at ¶ 7.

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The Attorney General is responsible for sentence computation decisions under § 3585. United States v. Wilson, 503 U.S. 329 (1992); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; see also United States v. Moore, 987 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

Petitioner's sentence computation began on June 23, 2011, the date his sentence was imposed. Petitioner was awarded prior custody credit for the period he spent in federal pre-trial custody from February 19, 2011, the date after he finished his state sentence, through June 22, 2011, the day before he was sentenced, which resulted in 124 days of prior custody credit, and a projected release date of February 4, 2013. (Resp's Ans., Ex. 1, Farrar Decl., ¶ 8.)

The time spent in state custody from July 31, 2010, through August 2, 2010, and from August 10, 2010, through February 18, 2011, was not awarded as prior custody credit because this is time Petitioner spent actually serving his state sentence. Id. at ¶ 9. Moreover, Petitioner was not awarded credit for the period of August 3, 2010, through August 9, 2010, during which he was in the custody of ICE.

The State of Texas has credited the time periods of July 31, 2010, through August 2, 2010, and August 10, 2010, through February 18, 2010, against his state sentence. (Resp's Ans., Ex. 1, Farrar Decl., ¶ 7.) Thus, contrary to Petitioner's claim there is no entitlement to double credit against his sentence for these periods.

In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Id. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. United States v. Von Willie, 59 F.3d 922, 930-931 (9th Cir. 1995); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993). In addition, a federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of habeas corpus ad prosequendum. Thomas v.

Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991). When a prisoner is borrowed from primary custody by way of a writ of ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed. See United States v. Warren, 610 F.2d at 684-685.

Petitioner is also not entitled to credit for the remaining days he spent in custody prior to his conviction, specifically, August 3, 2010 through August 9, 2010. While it is true Petitioner was in federal custody during this time, he was not in "official detention ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Rather, Petitioner was in civil detention pending removal proceedings. (Resp's Ans., Ex. 1, Farrar Decl. at ¶ 9.)

Under existing precedent, detention by immigration authorities pending deportation is considered civil, rather than criminal, in nature. See Ramirez-Osorio v. INS, 745 F.2d 937, 944 (5th Cir. 1984); Shoaee v. INS, 704 F.2d 1079, 1083 (9th Cir. 1983); and Cabral-Avila v. INS, 589 F.2d 957. 959 (9th Cir. 1978), cert. denied 440 U.S. 920 (1979). Thus, various courts have found that time spent in the custody of immigration officials awaiting a deportation determination is not "official detention" within the meaning of 18 U.S.C. § 3585(b). See Alba-Tovar v. United States, 2006 WL 2792677 *2 (D. Or. Sep. 22, 2006) ("Petitioner's custody during that time was due to pending administrative deportation proceedings and does not constitutes 'official detention' under § 3585(b)" and therefore, the "BOP properly excluded that time in calculating petitioner's time served"); Galan-Paredes v. Hogsten, 2007 WL 30329 *2 (S.D. Ga. Dec. 2, 2005) (same); United States v. Acosta-Leal, 2010 WL 4608477 *2 (S.D. Ill. Nov. 5, 2010) (same); Ghadiri v. Sniezek, 2006 WL 3023034 *3 (N.D. Ohio Oct. 23, 2006) (same); Decraene v. Winn, 2004 WL 594976 *3 (D. Mass. Mar. 23, 2004) ("given that . . . deportation proceedings are civil in nature, petitioner cannot fairly contend that he was, while in the custody of INS awaiting a deportation hearing, he was in custody ... as a result of the offense for which the sentence was imposed ... or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed") (quotations and citations omitted). Accordingly, Petitioner's detention in immigration custody was not a result of the offense for which his current sentence was imposed, but rather the result

of his pending removal from the United States.  Petitioner was not charged with a federal crime until he was transferred back to state custody.  Thus, Petitioner's one week detention with ICE was not "official detention" for purposes of awarding prior custody credit, and Petitioner's claim to the contrary is without merit.

For the foregoing reasons, the instant petition for writ of habeas corpus must be denied.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED; and
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   **November 26, 2012**           /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE